CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 16 2008

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Criminal Action No. 4:05-cr-00022** |
| | ) | **Civil Action No. 4:07-cv-80015** |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| | ) | **By: Hon. Jackson L. Kiser** |
| LAWRENCE LAMONT HAIRSTON. | ) | **Senior United States District Judge** |

Lawrence Lamont Hairston, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Hairston claims that counsel provided ineffective assistance in failing to file an appeal. Respondent filed a motion to dismiss alleging that Hairston's § 2255 is untimely, to which Hairston filed a response, making the matter ripe for disposition. On the existing record, I am unable to evaluate the merits of Hairston's claim that counsel was ineffective in failing to file an appeal upon request or to resolve the timeliness issue and, therefore, order an evidentiary hearing on the same.

## I.

On July 28, 2005, a federal grand jury returned a two-count indictment against Hairston and a co-defendant. Count One of the indictment charged Hairston with possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). On November 17, 2005, a superceding indictment was filed charging the same crime. On June 7, 2006, subsequent to a trial by jury, Hairston was convicted of Count One of the superceding indictment. On October 12, 2006, I sentenced Hairston to 55 months imprisonment, followed by a three year term of supervised release. Judgment was entered on October 16, 2006. Hairston filed the current § 2255 petition on December 14, 2007.

-1-

## II.

Hairston's only claim of ineffective assistance is that counsel failed to file an appeal upon Hairston's request. Hairston alleges that he requested that counsel file an appeal directly subsequent to his October 12, 2006 sentencing hearing. Hairston contends that at some unspecified point he "contacted counsel several times by phone and letter," but counsel never responded. (Mem. Supp. § 2255 Mot. at 5.) Hairston contends that he then "took further inquiry of his appeal by writing the district court clerk" on September 7, 2007 to inquire about his transcripts and "whether counsel filed an appeal." (Mem. Supp. § 2255 Mot; Resp. at 2.) Hairston submits that September 7, 2007 letter with his petition which indicates that he "attempted to contact [his] attorney on several occasions . . . in regards to [his] transcripts and appeal." (Mem. Supp. § 2255 Mot, Ex. A.) It appears that Hairston "initially discovered that an appeal wasn[']t filed," when he "contacted his [a]ttorney in August and September of 2007 inquiring about his appeal." (Resp. at 2.)

An attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. June 28, 2007); see also United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)) (finding that an "attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective"). The inmate need not show a reasonable probability of success on appeal. See Peguero v. United States, 526 U.S. 23, 28 (1999); Witherspoon, 231 F.3d at 926. Thus, if Hairston's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief under § 2255.

However, the United States contends that Hairston's § 2255 motion is untimely and,

-2-

accordingly, must be dismissed without consideration of the merits of the underlying claim. Paragraph (f) of § 2255 reads as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The United States incorrectly contends that Hairston's conviction became final when he was sentenced on October 12, 2006, and that the limitation period should begin to run ten business days from that date.[1]  However, Hairston appears to contend that he did not discover that counsel had failed to file an appeal as requested, the fact supporting his underlying claim, until August or September of 2007.  Accordingly, I must determine whether Hairston exercised due diligence in investigating and discovering that his appeal had not been filed.  If Hairston did so, pursuant to § 2255(f)(4), the limitation period did not begin to run before the date he actually discovered or should have discovered that his attorney did not file an appeal.  Thus, the one-year period of limitations runs, in this instance, either from the date on which Hairston's judgment of conviction became final or the date on which the facts supporting Hairston's claim could have been discovered through the exercise of due diligence, whichever is latest.  Accordingly, without an evidentiary

---

[1] A conviction becomes final once the availability of appeal is exhausted.  See United States v. Clay, 537 U.S. 522 (2003).  If the defendant does not appeal the trial court's judgment, the conviction becomes final ten (10) days after entry of final judgment when the defendant's opportunity to appeal expires.  See Fed. R. App. P. 4(b).  Final judgment was entered in Hairston's case on October 16, 2006.  Thus, Hairston's conviction became final ten business days later on October 30, 2006.  See Fed. R. App. P. 26.

-3-

hearing to determine the latter, I cannot rule on the timeliness of the petition.[2]

### III.

For the reasons stated herein, on the record as it currently exists, I am unable to evaluate the merits of Hairston's ineffective assistance of counsel claim or resolve the timeliness issue raised by the United States. Accordingly, I order an evidentiary hearing as to whether Hairston unequivocally instructed his attorney to file a notice of appeal and whether he exercised due diligence pertaining to matters surrounding his appeal.

**ENTER**: This 16th day of May, 2008.

_Jackson L. Kiser_
Senior United States District Judge

---

[2] If counsel was instructed to file an appeal and Hairston exercised due diligence, Hairston is to be allowed a direct appeal. Poindexter, 492 F.3d at 273.

Case 4:05-cr-00022-JLK-mfu   Document 128   Filed 05/16/08   Page 4 of 4   Pageid#: 278